JOURNAL ENTRY AND OPINION
{¶ 1} Jeffrey Jefferson appeals from a judgment of the common pleas court sentencing him consecutively to an aggregate prison term of nine years for one count of felonious assault and one count of attempted felonious assault following the court's acceptance of his guilty pleas to those charges. On appeal, he argues the court erred in imposing maximum consecutive sentences. However, a careful review of the record shows the court complied with statutory sentencing requirements and therefore we affirm the judgment of the court.[1]
 {¶ 2} The record reveals that these offenses occurred on June 16, 2001, while Jefferson visited his cousin, Sonya Boyd, who had a nine-month-old son, Anthony. When Anthony began crying, Sonya asked Jefferson to hold him while she prepared a bottle for him. Jefferson did so, but began to suffocate Anthony by pushing his head into a couch cushion, presumably due to his use of marijuana and PCP.
 {¶ 3} Three adults, including Sonya, tried unsuccessfully to free Anthony from Jefferson's grip. The baby's aunt struck Jefferson in the head with a heavy iron skillet, but Jefferson refused to release the infant; a family friend, Adele Whipple, began yelling that Jefferson was biting the baby. Sonya then inserted her thumb into Jefferson's mouth to stop him from biting the baby. Jefferson continued to bite Anthony and Sonya; for an instant he loosened his grip and the four adults were able to pull the baby from his grasp.
 {¶ 4} They took Anthony to MetroHealth Medical Center for treatment of five bite marks along his midsection and for abrasions to his forehead. The baby remained in the hospital for four days. Sonya was treated and released that same day.
 {¶ 5} A grand jury indicted him on one count of attempted murder of Anthony and four counts of felonious assault — three against Anthony and one against Sonya. As part of a plea bargain, Jefferson pled guilty to one count of felonious assault and one count of attempted felonious assault, second and third degree felonies, respectively, and the state nolled the remaining charges.
 {¶ 6} After reviewing the details of the offenses on the record, the court sentenced Jefferson to terms of imprisonment of six years on the felonious assault charge consecutive with three years on the attempted felonious assault charge. Jefferson now appeals that sentence and presents two assignments of error for our review. The first assignment states:
 {¶ 7} "The trial court erred by imposing consecutive prison terms when the sentence is not supported by findings in the record pursuant to R.C. 2929.14(E)(4), and R.C. 2929.19(B)(2)(c)."
 {¶ 8} Jefferson complains that the court failed to make the necessary findings and to provide its reasons when it sentenced him consecutively. When a court imposes consecutive sentences, it must follow R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c).
 {¶ 9} R.C. 2929.14(E)(4) sets forth the findings the court must make when it chooses to impose consecutive prison terms. It provides in part:
 {¶ 10} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *."
 {¶ 11} Further, the trial court is required to find that the offender's behavior fits into one of the categories listed in R.C.2929.14(E)(4)(a), (b), or (c) that the offenses had been committed awaiting trial or sentence, or the harm caused is so great that no single term adequately reflects the seriousness of the offender's conduct or that consecutive sentences are necessary to protect the public from future crime. In addition, the trial court must give its reason for imposing consecutive sentences. See R.C. 2929.19(B)(2)(c).
 {¶ 12} In this case, the court at sentencing made these statements:
 {¶ 13} "I once saw a six year old mauled by a dog and it wasn't quite as bad as what I read in here by the witnesses to this.
 {¶ 14} "See, Mr. Jefferson, telling me or telling Anthony or Anthony's mother or Anthony's aunt or all of these people that saw this that you didn't mean to do that to Anthony doesn't really matter, because you meant to use the PCP, knowing that it could turn you into an animal. By your own admission, it doesn't mix with marijuana.
 {¶ 15} "* * * Knowing that you are not in control of yourself when you use this substance, you chose to do this and you chose to do it even worse in a house filled with minor children. Anthony wasn't the only minor child there, but even three adults couldn't pull you off of Anthony, according to this report, three adults.
 {¶ 16} "* * *
 {¶ 17} "Prison is presumed under the Felony 2 and this court would find that the minimum sentence of two years for this crime would seriously demean the seriousness of this event.
 {¶ 18} "Many say that the war on drugs is not worth fighting, and maybe that's true on some of the drugs out there. However, the war on PCP is definitely worth fighting, because this Court has never seen that drug do anything other than, and I think Miss Boyd said it best, cause someone not to be human, and you did this to family Members.
 {¶ 19} "* * * the Court finds that running them consecutive is necessary to protect the public, mainly children of tender years, as well as to punish the defendant because of his knowing conduct, knowing how he reacts to PCP, especially when combined with the marijuana.
 {¶ 20} "The Court finds that the combined sentence of nine years would not [be] disproportionate to the seriousness of this conduct, acting inhuman towards a nine month old baby. The harm caused by this act has not yet fully shown itself. Obviously those people, including Miss Boyd, who witnessed the event are I'm sure traumatized by it and Anthony, only time will tell what a nine month old baby mauled by a human being will suffer. The harm is not disproportionate to the sentence."
 {¶ 21} As can be determined from the excerpts above, the court made the necessary findings to justify its consecutive sentences — it determined consecutive sentences were necessary to protect the public, that they were not disproportionate to Jefferson's conduct and the danger he posed by that conduct, and that the harm caused by these offenses is so great that the consecutive sentences are not disproportionate to the seriousness of the conduct. Nonetheless, Jefferson claims that the court failed to address the variables under R.C. 2929.14(E)(4)(a) through (c) when it sentenced him. We disagree. Contrary to Jefferson's argument, the court need not find all of these factors because the statute requires only a finding of one of them. In this case, the court found that Jefferson caused great harm, and, in fact, the court detailed that harm extensively.
 {¶ 22} Accordingly, the court properly imposed consecutive sentences and we overrule this assignment of error.
 {¶ 23} The second assignment of error states:
 {¶ 24} "The trial court erred by imposing prison terms that are contrary to law and not supported by the record."
 {¶ 25} Jefferson contends that his sentence is contrary to law because the court failed to sentence him to the minimum sentence pursuant to R.C. 2929.14(B) and imposed an aggregate sentence greater than the maximum allowed for felonious assault.
 {¶ 26} R.C. 2929.14(B) provides, in relevant part:
 {¶ 27} "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 28} Jefferson argues that, because he has never before served a prison term, the court erred in sentencing him to more than a minimum sentence. Jefferson, however, misinterpreted this statute. It specifically states that a minimum sentence shall be imposed unless the court finds that a minimum sentence would demean the seriousness of an offender's conduct or would not adequately protect the public from future crime.
 {¶ 29} In sentencing Jefferson, the court stated that "the minimum sentence of two years for this crime would seriously demean the seriousness" of the conduct. This statement reveals that the court made the requisite statutory finding and stated its reasons in support.
 {¶ 30} Jefferson also argues that his sentence is contrary to law because the aggregate sentence exceeds the maximum possible sentence for a second degree felony. He relies on this court's decision in State v.Youngblood (May 17, 2001), Cuyahoga App. No. 77997, where we stated that the imposition of consecutive sentences, in general, is disfavored for offenses arising out of a single incident. Arguing that the purpose behind felony sentencing is defeated when the imposition of consecutive sentences in the aggregate exceeds the maximum sentence for the offense of the highest degree, Jefferson argues that several courts, including this court, have interpreted R.C. 2929.19(B)(2) as requiring the trial court to state its reasons as it would when imposing a maximum sentence.
 {¶ 31} In this case, the court's statements comport with the sentencing statutes and the court stated its reasons in support of those findings: despite Jefferson's awareness of the effect of the combined drugs on his behavior, he visited Boyd, knowing she had a young child in her home.
 {¶ 32} The court found his conduct particularly egregious because Boyd could not free her baby from Jefferson's drug-induced grip. It alluded to the devastating psychological effects the mother and her child must have experienced during this episode, being thrust into a life-or-death struggle with the drug crazed animal Jefferson had become.
 {¶ 33} Additionally, in compliance with R.C. 2929.14(B) and Statev. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, the court indicated it had considered the fact that Jefferson previously had not served a prison term, but deviated from the minimum because not to do so would demean the seriousness of his conduct. Id. We have previously determined that the sentencing court's reasons for deviation may be the same as its reasons for its decision to impose consecutive terms. See State v. Youngblood
(May 17, 2001), Cuyahoga App. No. 77997. Accordingly, this assignment of error is overruled and we affirm the judgment of the court.
Judgment affirmed.
KENNETH A. ROCCO, J., CONCURS IN JUDGMENT ONLY; TIMOTHY E. McMONAGLE, A.J., CONCURS AND DISSENTS WITH SEPARATE CONCURRING AND DISSENTING OPINION.
[1] Today's dissenter erroneously states I decided the case one way and changed my decision. I consistently voted to affirm at every conference; inadvertently, I initialed the wrong line when Judge Rocco circulated a dissenting opinion triggering release of the case on August 22, 2002. This opinion reaches the result intended from the outset.